IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GABRIEL ANTONIO BUELE MOROCHO<br>Petitioner,<br><br>v.<br><br>JAMAL L. JAMISON, *et al.*,<br>Respondents. | :<br>:<br>:<br>:<br>:<br>:<br>: | Civil No.:  5:25-cv-05930-JMG |

MEMORANDUM OPINION

**Gallagher, J.**                                                                                                   **November 26, 2025**

I.     OVERVIEW

Petitioner Gabriel Antonio Buele Morocho ("Mr. Morocho") seeks a writ of habeas corpus challenging his continued detention and alleging violations of the Immigration and Nationality Act ("INA"), the Bond Regulations, and Due Process. Mr. Morocho contends that his detention pursuant to 8 U.S.C. § 1225(b)(2) rests on a misinterpretation of the statute and that application of § 1225(b)(2) to him violates his due process rights, as he is a noncitizen residing in the United States. In opposition, the Government argues that the INA renders Mr. Morocho's detention mandatory.

In recent months, judges across the country—including multiple judges within this District—have rejected the Government's argument and concluded that applying § 1225(b)(2)(A) to noncitizens residing in the United States is unlawful. *See e.g., Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL

1

3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025).

I concur with my colleagues and agree with Petitioner. Accordingly, Mr. Morocho's Petition is **GRANTED**.

## II.     BACKGROUND

Gabriel Antonio Buele Morocho is a citizen of Ecuador who has resided in the United States for approximately twenty-four (24) years. ECF No. 7 at p. 2. It is the Governments belief that Petitioner entered the United States without inspection, authorization, or valid entry documents. *Id.*

On September 30, 2025, while Mr. Morocho was driving, Immigration and Customs Enforcement ("ICE") officers approached his vehicle, knocked on the window, and instructed him to lower it. ECF No. 1 ¶ 43. Mr. Morocho states that the officers did not provide a reason for the stop; instead, they told him they were looking for another individual and directed him to exit the car. *Id.* The officers then detained him, handcuffed him, and removed his wallet to search for identity documents. ECF No. 1 ¶ 44. According to Mr. Morocho, the officers stated that he was "illegal" and would be taken into ICE custody. *Id.* He was subsequently detained and charged as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). ECF No. 1 ¶ 44; *see also* ECF No. 7 at 2. Mr. Morocho was transported to the ICE Philadelphia Field Office for processing and then transferred to the Federal Detention Center in Philadelphia. ECF No. 1 ¶ 44. Petitioner was later moved to the Moshannon Valley Processing Center, where he remains detained. ECF No. 7 at p. 2.

On October 16, 2025, Mr. Morocho filed a Petition for Writ of Habeas Corpus in this Court. He argues that his detention is unlawful because the mandatory detention provision of 8 U.S.C. § 1225(b)(2) does not apply to noncitizens already residing within the United States who are charged

with inadmissibility. ECF No. 1 ¶ 41. Instead, Mr. Morocho contends that, as an individual arrested inside the United States, he should have been detained under 8 U.S.C. § 1226, which would entitle him to a bond hearing before an Immigration Judge ("IJ"). ECF No. 1 ¶ 23.

The Government opposes the petition, asserting that: (1) the Court lacks jurisdiction; (2) Mr. Morocho failed to exhaust administrative remedies; (3) Mr. Morocho is lawfully detained under 8 U.S.C. § 1225(b)(2); and (4) his detention does not violate due process. *See generally* ECF No. 7.

### III.   LEGAL STANDARD

Under 28 U.S.C. § 2241, a federal district court is authorized to grant a writ of habeas corpus where the petitioner is "in custody under or by color of the authority of the United States … in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(1), (3). The petitioner has the burden to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

### IV.   DISCUSSION

#### a. Jurisdiction

The Government contends that this Court lacks jurisdiction to consider Petitioner's claims under 8 U.S.C. §§ 1252(g), 1252(b)(9), and 1252(a)(2)(B)(ii). These provisions, however, do not bar review in this case. As numerous courts in this District have explained, such jurisdiction-stripping statutes do not apply where, as here, Mr. Morocho is challenging his **detention**, not the commencement of his removal proceedings. *See Patel*, 2025 WL 3241212, at *2; *Ndiaye*, 2025 WL 3229307, at *3; *Demirel*, U.S. Dist. LEXIS 226877, at *5–8; *Kashranov*, 2025 WL 3188399, at *3–4; *Cantu-Cortes*, 2025 WL 3171639, at *1.

Accordingly, this Court has jurisdiction to consider Petitioner's claims.

3

### b. Failure to Exhaust Administrative Remedies

The Government argues that Mr. Morocho failed to exhaust administrative remedies, and as such, this matter should be dismissed. ECF No. 7. However, Mr. Morocho is not required to exhaust his administrative remedies because doing so would be futile. As other courts in this District have recognized, exhaustion is unnecessary where the issue presented is one of statutory interpretation and where further administrative review would be futile in light of the Board of Immigration Appeals' recent decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025). See *Patel*, 2025 WL 3241212, at *2; *Ndiaye*, 2025 WL 3229307, at *3–4; *Demirel*, U.S. Dist. LEXIS 226877, at *8–9; *Kashranov*, 2025 WL 3188399, at *4; *Cantu-Cortes*, 2025 WL 3171639, at *1.

This Court likewise concludes that Petitioner is not required to exhaust his administrative remedies.

### c. Merits of Mr. Morocho's Petition

The central issue in Mr. Morocho's habeas petition is whether his detention is mandatory under 8 U.S.C. § 1225(b), or discretionary under 8 U.S.C. § 1226(a).

Under 8 U.S.C. § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a removal proceeding." The statute defines an "applicant for admission" as an "alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters)." *Id.* § 1225(a)(1).

By contrast, 8 U.S.C. § 1226(a) provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." It further states that the Attorney General "may release the alien on bond … or … conditional parole," except for individuals subject to mandatory detention under 8 U.S.C. § 1226(c).

Courts in this District have consistently concluded that the plain language of § 1225(b)(2)(A), when read in the context of the INA's overall structure, does not extend to noncitizens residing within the United States. See *Patel*, 2025 WL 3241212, at *2; *Ndiaye*, 2025 WL 3229307, at *4–6; *Demirel*, U.S. Dist. LEXIS 226877, at *9–12; *Kashranov*, 2025 WL 3188399, at *5–7; *Cantu-Cortes*, 2025 WL 3171639, at *1–2. Instead, § 1226(a) governs the detention of such individuals, and such detention under this statute entitles noncitizens to a bond hearing before an IJ. See *Patel*, 2025 WL 3241212, at *2; *Ndiaye*, 2025 WL 3229307, at *6; *Demirel*, U.S. Dist. LEXIS 226877, at *12; *Kashranov*, 2025 WL 3188399, at *5; *Cantu-Cortes*, 2025 WL 3171639, at *1.

Accordingly, the Government is incorrect that Mr. Morocho is subject to mandatory detention under § 1225(b)(2). This Court holds that his continued detention without a bond hearing violates the INA.

## V.     REMEDY

As several of my colleagues have done, I will order the immediate release of Mr. Morocho because he has been unlawfully detained without a bond hearing as required under 8 U.S.C. § 1226(a). See *Patel*, 2025 WL 3241212, at *3; *Ndiaye*, 2025 WL 3229307, at *8; *Kashranov*, 2025 WL 3188399, at *8.

However, unlike my colleagues, the Court will not temporarily enjoin the Government from re-arresting Mr. Morocho under § 1226(a) following his release. The immediate concern here is whether he is subject to § 1225(b)(2) and the mandatory detention that comes with it. He is not. Nonetheless, if he is subsequently detained pursuant to § 1226(a), the Government must afford him the process due, including a bond hearing upon his request, pursuant to 8 C.F.R §§ 1236.1 (c)(8), (d)(1), etc.

### VI. CONCLUSION

The circumstances of Mr. Morocho's presence in the United States do not fall under the ambit of 8 U.S.C. § 1225(b)(2), and therefore, his mandatory detention without the opportunity for a bail hearing is unlawful. Accordingly, Mr. Morocho's petition is **GRANTED**, and he shall be immediately released from custody.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge